## Case No. 18,190.

### YOUQUA v. NIXON et al.

[Pet. C. C. 224.] [1]

Circuit Court, D. Pennsylvania. April Term, 1816.

#### BREACH OF CONTRACT—DAMAGES—RIGHT TO INTEREST.

1. Damages for a breach of contract do not bear interest.

2. It is not legal in the jury to allow damages, so that they will defeat the right of the party to interest on a debt ascertained; and damages are to be credited by the jury, on the day of their verdict, and are not so to be considered by them, as that, by depriving a party of interest on a debt due, they are made to bear interest, in favour of the person to whom they may be allowed.

[Cited in brief in Harrison v. Missouri Pac. Ry. Co., 74 Mo. 366.]

Rule to show cause why a new trial should not be granted.

It was made manifest to the court, that the jury had allowed to the defendants [Nixon

[1] [Reported by Richard Peters, Jr., Esq.]

and Walker] damages, at the rate of thirty per cent., applied to the prime cost; and had credited these damages against the notes of the defendants, as of the time when the teas were delivered. [See Case No. 18,189.]

WASHINGTON, Circuit Justice. Whether the rate of damage allowed by the jury, is too high or not, is a question the court will not pretend to decide, that having been left to them upon evidence, by no means clear; but it is plain, that the jury have departed from the rule laid down by the court, in regard to interest, they having credited the defendants with the amount of damages, as of the day when the teas were delivered, instead of the day when the verdict was rendered; as they were directed by the charge. In this way, they have not only allowed interest on the damages, but have made the rate of interest twelve per cent.; interest at that rate, having been stopped upon so much of the note given by the defendants, as this credit amounted to.

A new trial must therefore be awarded.